## ORDER

We have reviewed the petition for review, the stay motion and the opening brief. We conclude that petitioner has failed to raise a colorable constitutional claim to invoke our jurisdiction over this petition for review under the REAL ID Act, Pub.L. No. 109–13, Div. B, 119 Stat. 231 (2005). *See Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001). Accordingly, respondent's unopposed motion to dismiss this petition for review for lack of jurisdiction is granted because we lack jurisdiction to review the Immigration Judge's discretionary determination that petitioner did not demonstrate that his removal would result in exceptional and extremely unusual hardship to a qualifying relative under 8 U.S.C. § 1229b(b)(1)(D). *See* 8 U.S.C. § 1252(a)(2)(B)(I); *Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929–30 (9th Cir.2005); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003); *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1144 (9th Cir.2002).

All other pending motions are denied as moot. The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate.

DISMISSED.

PREGERSON, Circuit Judge, dissenting.

I dissent. This case, and the sixty-four others like it filed today, will have an adverse effect on children born in the United States whose parent/parents are illegal immigrants. When a parent is denied cancellation of removal, the government effectively deports the United States-born children of that parent. This unconscionable result violates due process because circumstances will force children to suffer de facto expulsion from the country of their birth or forego their constitutionally protected right to remain in this country with their family intact. *See, e.g., Moore v. City of E. Cleveland,* 431 U.S. 494, 503–05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) (plurality opinion) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation's history and tradition."); *Stanley v. Illinois,* 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment").

Furthermore, as a nation we should recognize that many children born of illegal immigrants serve and have served with honor and distinction in our military forces, and many have laid down their lives on the altar of freedom.

**Genaro MARQUEZ–AVILA;
et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 05–75004.

United States Court of Appeals,
Ninth Circuit.

July 3, 2006.

Genaro Marquez–Avila, Pomona, CA, pro se.

Elvira Marquez–Gonzalez, Pomona, CA, pro se.

Tania Jessel Marquez–Marquez, Pomona, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Agency Nos. A95–447–605 to A95–447–607.

Before: PREGERSON, TALLMAN and CALLAHAN, Circuit Judges.

## ORDER

PER CURIAM.

Respondent's motion to dismiss this petition for review for lack of jurisdiction is granted. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003); *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1144 (9th Cir. 2002). The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate.

All other pending motions are denied as moot.

**DISMISSED.**

PREGERSON, Circuit Judge, dissenting:

I dissent. This case, and the sixty-four others like it filed today, will have an adverse effect on children born in the United States whose parent/parents are illegal immigrants. When a parent is denied cancellation of removal, the government effectively deports the United States-born children of that parent. This unconscionable result violates due process because circumstances will force children to suffer de facto expulsion from the country of their birth or forego their constitutionally protected right to remain in this country with their family intact. *See, e.g., Moore v. City of E. Cleveland,* 431 U.S. 494, 503–05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) (plurality opinion) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation's history and tradition."); *Stanley v. Illinois,* 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment").

Furthermore, as a nation we should recognize that many children born of illegal immigrants serve and have served with honor and distinction in our military

forces, and many have laid down their lives on the altar of freedom.

**Marcos Inocencio Vazquez GUEVARA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76264.

United States Court of Appeals, Ninth Circuit.

July 3, 2006.

See also 134 Fed.Appx. 224.

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Anthony C. Payne, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Agency No. A76–723–983.

Before: PREGERSON, TALLMAN and CALLAHAN, Circuit Judges.

## ORDER

PER CURIAM.

Respondent's motion to dismiss this petition for review for lack of jurisdiction is granted. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003); *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1144 (9th Cir. 2002). The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate. Petitioner's voluntary departure was tolled from the date on which the stay motion was filed and will be tolled until the expiration of the temporary stay. *See* 9th Cir. Gen. Ord. 6.4(c); *Desta,* 365 F.3d at 743–44.

All other pending motions are denied as moot.

**DISMISSED.**

PREGERSON, Circuit Judge, dissenting:

I dissent. This case, and the sixty-four others like it filed today, will have an adverse effect on children born in the United States whose parent/parents are illegal immigrants. When a parent is denied cancellation of removal, the govern-